J-S65006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYSHIM M. HENDERSON, | |
| Appellant | No. 462 EDA 2014 |

Appeal from the PCRA Order January 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007718-2009

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 12, 2015**

Kyshim M. Henderson appeals from the order entered January 29, 2014, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  We affirm.

In August 2008, Appellant was playing dice on North Franklin Place in Philadelphia.  A dispute arose between Appellant and Rashawn Howard when Mr. Howard threatened to take money lying on the ground next to the game. Appellant drew a gun and shot Mr. Howard six times in the legs and hips. Mr. Howard died from his wounds.

Appellant was arrested and charged with murder of the third degree, possession of an instrument of crime (PIC), and related firearms offenses.[1] In March 2010, a bench trial commenced. The Commonwealth introduced testimony from three eyewitnesses, Lyle Littlejohn, Germane Thompson, and Sheryl Smith. On the witness stand, Mr. Littlejohn and Mr. Thompson recanted statements previously given to the police. However, the Commonwealth introduced their prior inconsistent statements as substantive evidence of Appellant's guilt.

Following trial, the court found Appellant guilty of third-degree murder and PIC.[2] In June 2010, the trial court sentenced Appellant to eighteen to thirty-six years' incarceration, followed by five years' probation. Appellant timely appealed; this Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal. **See Commonwealth v. Henderson**, 43 A.3d 525 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 48 A.3d 1247 (Pa. 2012).

In April 2013, Appellant timely filed a counseled petition for collateral relief, asserting ineffective assistance of trial counsel on several grounds. The PCRA court dismissed Appellant's petition without a hearing. Appellant

---

[1] **See** 18 Pa.C.S. §§ 2502(c), 907(a), 6105(a)(1), 6106(a)(1), and 6108, respectively.

[2] The remaining charges were *nolle prossed*.

timely appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement but issued a memorandum opinion explaining its decision.

Appellant raises the following issues, restated for clarity:

1. Whether trial counsel was ineffective for failing to interview Lyle Littlejohn prior to trial and, thereafter, failing to move to suppress Mr. Littlejohn's statement to police; and

2. Whether trial counsel was ineffective for failing to interview and/or call Carl Bell or Antwain Young as trial witnesses.

*See* Appellant's Brief at 3.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 10/16/2014, at 1 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine

issues of material fact and in denying relief without an evidentiary hearing."
***Id.***

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first issue, Appellant contends that the police statement attributed to Mr. Littlejohn was involuntary and coerced. According to Appellant, if trial counsel had interviewed Mr. Littlejohn prior to trial, he could have filed a "persuasive pretrial motion" to suppress Mr. Littlejohn's statement. Appellant's Brief at 19.

Appellant's claim is without merit. Appellant failed to identify any additional information that trial counsel could have obtained from interviewing Mr. Littlejohn prior to trial. Accordingly, we discern no error by trial counsel in this regard. *See Commonwealth v. Elliott*, 80 A.3d 415, 439-40 (Pa. 2013) (concluding that, "absent a proffer" of information helpful to a petitioner's claim that counsel's failure to interview a potential witness prejudiced petitioner, the claim must fail); *see also* Appellant's Memorandum of Law in Support of his Petition for Post Conviction Relief, 04/23/2013, at 18 (acknowledging that "counsel in the instant case had to have known based upon Littlejohn's preliminary hearing testimony that his police statement was involuntary and could be suppressed").

Further, even if Appellant is correct that Mr. Littlejohn's statement to police was coerced, Appellant was without standing to move for its suppression. *See, e.g.*, *Commonwealth v. Millner*, 888 A.2d 680, 692 (Pa. 2005) ("[A] defendant cannot prevail upon a suppression motion unless he demonstrates that the challenged police conduct violated his own, personal privacy interests."); *Commonwealth v. Brown*, 342 A.2d 84, 91 (Pa. 1975) ("[I]t is settled law that [an] appellant lacks standing to assert the alleged deprivation of another's constitutional rights.") (quoting *Commonwealth v. Butler*, 291 A.2d 89, 90 (Pa. 1972)).

Appellant suggests that his lack of standing is immaterial, as the admission of Mr. Littlejohn's statement was a violation of Appellant's right to

due process. However, Appellant's position is without legal support. To the contrary, the Supreme Court of Pennsylvania has held expressly:

> [The admission of] prior inconsistent statements of witnesses who testify at trial, where such statements were properly admitted, but recanted at trial, *does not offend due process* provided the makers of such statements have been made available for cross examination[.]

*Commonwealth v. Brown*, 52 A.3d 1139, 1184 (Pa. 2012). Here, Mr. Littlejohn testified at trial, recanted his prior police statement, and was cross-examined by trial counsel. Accordingly, Appellant suffered no violation of his right to due process.

Appellant also contends that trial counsel was ineffective for failing to interview and call as trial witnesses Carl Bell or Antwain Young. Appellant submitted affidavits from both potential witnesses.

Specifically, Mr. Bell attested that on the night of Mr. Howard's murder, he heard several gunshots. *See* Affidavit of Carl Bell, 03/27/2013, at 1. According to Mr. Bell, he started walking toward the crime scene and witnessed an unknown black male leaving the area. *Id.* at 1-2. Mr. Bell gave a statement to police. *Id.* at 2. Further, Mr. Bell attests that the police wanted him to identify Appellant as the shooter, but he refused to do so. *Id.* at 3.

Mr. Young attested that on the night of the murder, he was at home watching his son and did not hear of the shooting until later. *See* Affidavit of Antwain Young, 04/02/2013, at 1. Mr. Young also suggests that friends

told him that Ms. Smith testified at Appellant's trial that she witnessed him fleeing the crime scene with Appellant. *Id.* at 2. Mr. Young specifically denied being with Appellant following the shooting. *Id.*

Regarding Mr. Bell's proffered testimony, Appellant suggests that it "may have established reasonable doubt." Appellant's Brief at 23. Further, according to Appellant, Mr. Young's testimony "would have impeached" the testimony of Ms. Smith and rendered the Commonwealth's evidence unreliable. *Id.* at 27.

In order to establish ineffectiveness for failure to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1109 (Pa. 2012) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009)).

Here, Appellant's claim is devoid of merit. His conviction was supported by eyewitness accounts establishing that Appellant shot Mr. Howard multiple times. Weighed against this compelling evidence, the proffered testimony of Mr. Bell is immaterial. Mr. Bell did not himself witness the crime, and his affidavit suggests nothing more than the possibility that an unknown man was in the neighborhood at the time Mr. Howard was murdered. Moreover, as noted by the PCRA court, Mr. Bell's

statement to police, largely consistent with his affidavit, was introduced at trial *by Appellant's trial counsel* during his cross-examination of Detective Centeno. ***See*** Opinion, 10/30/2014, at 11 (citing Notes of Testimony, 03/29/2010, at 148-51).

Similarly, the proffered testimony of Mr. Young does not exculpate Appellant. Mr. Young did not witness the murder, nor can he provide Appellant with an alibi. Indeed, as noted by the PCRA court, "[a]t most, Mr. Young's affidavit does nothing more than provide himself with an uncorroborated alibi." ***Id.*** at 11. Accordingly, Appellant cannot demonstrate that the absence of testimony from either Mr. Bell or Mr. Young was so prejudicial as to have denied him a fair trial. ***Sneed***, 45 A.3d at 1109.

For the above reasons, we discern no error in the PCRA court's decision to dismiss Appellant's petition without a hearing. Appellant's claims are without merit. He is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/12/2015</u>